UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAN E. WOODRUFF,<br><br>     Plaintiff,<br><br>v.<br><br>SALLY JEWELL, Secretary, United States Department of Interior, an agency of the United States Government,<br><br>     Defendant. | Case No. 1:14-cv-00066-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

  Before the Court is Plaintiff Dan Woodruff's Motion to Stay Proceedings Pending Exhaustion of Administrative Remedies. (Dkt. 25.) Pursuant to 28 U.S.C. § 636(b)(1)(A), District Judge Edward Lodge has referred all non-dispositive matters in this case to the undersigned. Because the Court finds the decisional process will not be significantly aided by oral argument, this matter will be decided on the record without oral argument. Dist. Idaho Loc. Civ. Rule 7.1(d). For reasons explained below, the Court will not stay this proceeding.

## BACKGROUND

  On February 26, 2014, Plaintiff filed this employment discrimination action against Defendant Sally Jewell, in her capacity as Secretary of the Department of the

**MEMORANDUM DECISION AND ORDER - 1**

Interior. Plaintiff, an employee of the Department's Bureau of Land Management (BLM), initially brought claims for disability discrimination, hostile work environment, and retaliation related to certain disciplinary actions taken against Plaintiff by his supervisors at the BLM. (Dkt. 1.) In July of 2014, before Defendant appeared, Plaintiff filed an Amended Complaint, adding factual allegations and claims of disability discrimination, hostile work environment, and retaliation related to his work schedule. (Dkt. 3.) On September 9, 2014, Defendant appeared and the parties filed their first Joint Motion to Stay Proceedings. (Dkt. 7.) The motion explained that Plaintiff had initiated three separate equal employment opportunity (EEO) complaints in connection with his employment at the BLM but had exhausted his administrative remedies on only two of the complaints. Accordingly, the parties requested, and the Court granted, a 60-day stay so that Plaintiff could exhaust administrative remedies for his third EEO complaint.

On November 7, 2014, prior to the conclusion of the 60-day stay, the parties filed, and the Court granted, a Second Joint Motion to Stay Proceedings, this time seeking a two-week stay. (Dkt. 9.) On November 21, Plaintiff filed his Second Amended Complaint, adding further factual allegations and new disability discrimination and retaliation claims. (Dkt. 14.) In early December of 2014, the Court entered a Case Management Order pursuant to the parties' stipulated litigation plan. (Dkt. 17.) As requested by the parties, the Case Management Order established that amendment of pleadings was to occur no later than February 6, 2015. That deadline came and went without either party amending pleadings.

**MEMORANDUM DECISION AND ORDER - 2**

On April 10, 2015—just weeks before the May 8 discovery cutoff—Plaintiff filed the instant motion to stay this proceeding.[1] Unlike the two previous joint stay requests, Defendant opposes a stay at this juncture. And, although both previous requests sought stays of limited duration, the instant motion seeks an indefinite stay pending exhaustion of administrative remedies on Plaintiff's fourth EEO complaint. Plaintiff initiated the fourth EEO complaint, involving age discrimination allegations, on March 16, 2015. With this background, the Court considers whether an indefinite stay of this action is appropriate in these circumstances.

## DISPOSITION

Under *Landis v. N. Am. Co.*, 299 U.S. 248, 2 (1936), a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–707 (1997). A *Landis* stay may be appropriate when, for example, the result of a separate proceeding has some bearing upon the district court case. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id*.

In deciding whether to grant a *Landis* stay, the Court must weigh the competing interests of the parties, considering in particular: "[1] possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being

---

[1] Pursuant to District of Idaho Local Civil Rule 6.1, Plaintiff requested, and the Court granted, expedited treatment of his motion to stay. For that reason, the Court shortened the briefing schedule and did not allow Plaintiff to file a reply brief.

**MEMORANDUM DECISION AND ORDER - 3**

required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyear v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quotation marks omitted). "[I]f there is even a fair possibility that the stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity." *Landis*, 299 U.S. at 255. In addition, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864. For that reason, a *Landis* stay "should not be indefinite in nature." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

Defendant claims a stay will cause undue delay and prejudice by potentially expanding the factual and legal scope of this 14-month-old case. As Defendant notes, a stay would halt this proceeding within weeks of the discovery deadline. It is also notable that Plaintiff's stay request appears to assume he will be granted leave to amend his complaint (for a third time) after the fourth EEO complaint process concludes—even though the deadline for amendment of pleadings expired months ago. On balance, Plaintiff's only showing of hardship is the contention that he will be barred from litigating the subject of his fourth EEO complaint, age discrimination, *in this action*.[2] At this point, however, one can only speculate as to the outcome of the fourth EEO

---

[2] Of course, Plaintiff would be free to file an age discrimination action if the administrative proceedings produce an unfavorable outcome.

**MEMORANDUM DECISION AND ORDER - 4**

complaint process or any later motion to amend. Thus, the hardship to Plaintiff is unclear whereas it is at least plausible Defendant will be prejudiced by delaying this case and expanding its temporal, legal, and factual scope.

It is also unclear when the requested stay would end. Plaintiff has not even suggested how long he expects the fourth EEO process to continue. This leaves the Court with no basis for determining whether the requested stay will be in place for a reasonable time. *See Dependable Highway*, 498 F.3d at 1066–67.

Far from making out a clear case of hardship or inequity, Plaintiff seeks a stay based on speculation that he will have an actionable age discrimination claim at some indeterminate point in the future. Even if one indulges Plaintiff's speculation, adding an age discrimination claim to this case is likely to multiply the questions of law and complicate the issues of proof. During a stay, evidence pertinent to Plaintiff's existing claims may grow stale, memories may fade, and a case that was proceeding toward dispositive motions will bog down indefinitely. Having weighed the relevant interests, the Court concludes a stay is not warranted.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that Plaintiff's Motion to Stay Proceedings Pending Exhaustion of Administrative Remedies (Dkt. 25) is **DENIED**.

Dated: **May 05, 2015**

Honorable Candy W. Dale
United States Magistrate Judge

MEMORANDUM DECISION AND ORDER - 5